In re STRUCTURLITE PLASTICS CORPORATION, Debtor.

SPC PLASTICS CORPORATION

and

Official Unsecured Creditors' Committee of Structurlite Plastics Corporation, Plaintiffs,

v.

Robert E. GRIFFITH, et al., Defendants.

Bankruptcy No. 2–88–01236.
Adversary No. 2–90–0127.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 2, 1997.

Nick V. Cavalieri, John E. Hoffman, Jr., Arter & Hadden, Columbus, OH, for Plaintiffs.

James R. Cooper, Morrow, Gordon & Byrd, Newark, OH, for Defendants Robert E. and Helen E. Griffith, Charles D. and Geraldine W. Jones.

Reginald W. Jackson, Vorys, Sater, Seymour and Pease, Columbus, OH, for Debtor.

*OPINION AND ORDER GRANTING PLAINTIFFS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT ON COUNT ONE OF PLAINTIFFS' COMPLAINT*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the second motion of plaintiffs SPC Plastics Corporation and the Official Unsecured Creditors' Committee for partial summary judgment. The plaintiffs assert that they are now entitled to judgment as a matter of law on count one of their complaint as to the recovery of certain cash transfers received by Robert E. Griffith, Helen E. Griffith, Charles D. Jones, and Geraldine W. Jones (collectively the "Shareholder Defendants"). The plaintiffs also request that, if their second summary judgment motion is granted, this Court direct final judgment in their favor on count one of their complaint pursuant to Rule 54(b) of the Federal Rules of Civil Procedure which is made applicable to this proceeding by Bankruptcy Rule 7054.

The Shareholder Defendants oppose the plaintiffs' second motion for partial summary judgment on the grounds that genuine issues of material fact exist as to the recoverability of the cash transfers from them. While the Shareholder Defendants expressed no opinion in their memorandum as to whether, in the event summary judgment is rendered, the Court should direct entry of final judgment on count one pursuant to Fed.R.Civ.P. 54(b), the plaintiffs have represented to the Court that the parties are in agreement on this point.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(H), (B), and (O).

On November 22, 1995, the Court entered its opinion and order on the plaintiffs, first motion for partial summary judgment. This opinion detailed the factual basis for the plaintiffs' avoidance claims, as well as the legal theories upon which the plaintiffs sought to avoid and recover the cash transfers made to the Shareholder Defendants as part of the leveraged buyout of the debtor's outstanding shares. For this reason, it is unnecessary to repeat here much of the analysis contained in that opinion, but rather, this opinion should be read in conjunction with the earlier one.

With respect to count one, which was brought pursuant to Ohio Rev.Code § 1336.04, the Court previously held the plaintiffs could avoid both the $840,000 cash payments and the $3,000,000 guarantee given to the Shareholder Defendants. The Court, however, denied summary judgment on the question of whether the plaintiffs could recover the $840,000 from the Shareholder Defendants. The Court reasoned that genuine issues of material fact existed as to whether the Shareholder Defendants could properly assert a defense to recovery.

Section 550 of the Bankruptcy Code states in pertinent part:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

    (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

    (2) any immediate or mediate transferee of such initial transferee.

(b) The trustee may not recover under section (a)(2) of this section from—

    (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or

    (2) any immediate or mediate good faith transferee of such transferee.

11 U.S.C. § 550(a) and (b).

At the time of the plaintiffs' first motion for partial summary judgment, the parties believed that the $1,000,000 loan proceeds from which the $840,000 cash payments came, first passed through a newly-created entity known as GLL, rather than coming directly from the debtor. The plaintiffs' argument at that time focused on their belief that GLL had functioned solely as a conduit and that the LBO transaction should, therefore, be collapsed into a single transaction.

The Court refused to collapse the LBO transaction for the purposes of the summary judgment motion because it believed that genuine issues of material fact existed as to whether the Shareholder Defendants knew of the nature of the LBO transaction or were even aware of GLL's existence prior to the closing. In making this decision, the Court noted in footnote two that "[h]ad GLL not even functioned as a conduit at closing, and the funds come directly from the Debtor, the Defendants would clearly have been initial transferees for whom the defense of § 550(b)(1) would not have been available." (citation omitted).

The plaintiffs now assert that indeed GLL did not even function as a conduit, but that the funds came directly from the debtor. In support of their new argument, they submit the affidavit of Carl C. Farrar. Mr. Farrar was a senior vice-president of Central Trust at the time of the LBO transaction and was involved in that capacity in Central Trust's financing of the LBO. He testifies that he was present at the closing on June 6, 1986, as Central Trust's representative, and that he personally delivered cashier's checks to the Shareholder Defendants or their counsel. It is his further testimony that the debtor, and not GLL, purchased these cashier's checks with the proceeds from the LBO loans.

The Shareholder Defendants respond somewhat cryptically that because the LBO was structured so that the flow of funds would go from the debtor to GLL and to the selling shareholders, and because the parties so intended, GLL continued to act as an intermediary of the funds in question. Not only does this assertion undermine the Shareholder Defendants' former argument that they did not comprehend the nature of the LBO transaction and were unaware of GLL's existence, it is immaterial to the question of whether they were, in fact, initial transferees.

Under Rule 56(e) of the Federal Rules of Civil Procedure, which is made applicable to this proceeding by Bankruptcy Rule 7056, the Shareholder Defendants, in light of the Farrar affidavit, were under a duty to come up with their own affidavits or to show in some other manner that there is a genuine issue to be tried. This they failed to do.

Because the Farrar affidavit establishes that the Shareholder Defendants are initial transferees, the Court concludes that they, as a matter of law, are not entitled to avail themselves of the defense set forth in § 550(b)(1).

For the foregoing reasons, the plaintiffs' second motion for partial summary judgment is **GRANTED**. Judgment shall accordingly be entered in their favor and against the Shareholder Defendants on count one of the complaint. The Court further finds that there is no just reason for delay and expressly directs that a final judgment be entered on this claim pursuant to Fed.R.Civ.P. 54 (b).

In certifying this judgment, the Court agrees with the plaintiffs, and presumably with the Shareholder Defendants, that if the judgment on count one is upheld on appeal, it will be unnecessary for the parties to go forward with a trial on the remaining issues of count two since the latter claim provides merely an alternate source for the same recovery. The Court also believes that notwithstanding the fact that they are pled in the alternative, the two claims are legally distinct and require different proofs. *See* Opinion and Order on Plaintiffs' Motion for Partial Summary Judgment entered November 22, 1995. Thus, it is unlikely, in the event a trial became necessary on count two and an appeal subsequently arises from that judgment, that the district court or bankruptcy appellate panel would be faced with the same issues that will be presented on this appeal.

**IT IS SO ORDERED.**